UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MR. COOPER GROUP INC., AS SUCCESSOR IN INTEREST TO HOME POINT FINANCIAL CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-01608-JPH-MKK ) |
| QUIKFUND, INC., | ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR CLERK'S DEFAULT**

Plaintiff Mr. Cooper Group, Inc. has filed a motion for the clerk's entry of default against Defendant Quikfund, Inc. Dkt. [13]. In support, it attaches a declaration of service and references supporting documents showing that it attempted to serve Mr. Cooper Group, Inc. in September 2023. Dkts. 12-1, 13.

While Fed. R. Civ. P. 4(h)(1) itself does not include service through certified mail, it does allow parties to follow the state law of "where the district court is located or where service is made", which, in this case, is Indiana or New York. Dkts. 12-1 (showing the delivery address in New York).

New York law allows for service by mail but requires that a person include two copies of an acknowledgement of receipt. N.Y. C.P.L.R. 312-a(a). If an acknowledgement is not returned, a plaintiff must effectuate service "in another manner permitted by law." N.Y. C.P.L.R. 312-a(e). Here, Plaintiff has not shown that it served the Defendant in another manner.

1

Indiana law permits service on a corporation's "executive officer" in the same manner as service for an individual, which includes service by certified or registered mail. Ind. R. Trial P. 4.6; Ind. R. Trial P. 4.1(A). To effectuate service in this manner, a person must "send[] a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment *with return receipt requested and returned showing receipt of the letter*." (emphasis added).

Plaintiff attempted to serve QuikFund, Inc. by sending the Summons and Complaint to its president, Harris S. Focer,[1] by certified mail. Plaintiff provides a USPS tracking record showing that the letter was "left with [an] individual" at QuikFund, Inc.'s address. Plaintiff does not cite authority for the proposition that online tracking records meet Rule 4.1's requirements. And the Court is aware of at least one district court decision concluding that it does not. *Prime Ins. Co. v. Riteway Trucking, Inc.*, No. 1:15-CV-00105-JD-SLC, 2016 WL 11602419, at *2 (N.D. Ind. May 10, 2016) (online tracking records did not meet Rule 4.1's requirements). Additionally, federal courts applying state law are "strictly bound ... by the letter of state law and are without authority to fill whatever interstitial gaps a given case may illuminate." *Swaim v. Moltan Co.*, 73 F.3d 711, 720 (7th Cir. 1996).

Plaintiff also provides a scanned copy of the envelope sent to Quikfund, Inc. with the return receipt on top of that envelope. Dkt. 12-1. The scan cuts

---

[1] A president is an "executive officer." Ind. R. Trial P. 83.

off the section of the return receipt that would show receipt. Dkt. 12-1. Additionally, since the return receipt is placed on what appears to be the outgoing letter, this scan seems to show the return receipt at the time the Plaintiff sent the letter, not the return receipt at time of return. Plaintiff's attorney's declaration also does not contain additional facts related to the return of the return receipt. Thus, Plaintiff has not shown that the receipt was "returned showing receipt of the letter" as required by Ind. R. Trial P. 4.1(A).

Because Mr. Cooper Group, Inc. has not shown that it served QuikFund, Inc. properly, its motion for the clerk's entry of default is **DENIED without prejudice**. Dkt. [13]; *see In re Kutrubis*, 550 Fed. App'x 306, 309 (7th Cir. 2013) (explaining that the "failure to effectuate proper service" under Federal Rules of Civil Procedure 4 and 5 "would . . . invalidate any resulting judgment"); *Netzsch Premier Techs., LLC v. Pühler Feinmahltechnik GmbH*, No. 1:16-CV-781-WTL-MPB, 2016 WL 6573886, at *2 (S.D. Ind. Nov. 7, 2016)

**SO ORDERED.**

Date: 11/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.